# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

HARRY WARREN, INC.,

     Plaintiff,

v.                                 Case No. 6:26-cv-510-JA-DCI

BIOMICROBICS, INC.,

     Defendant.

_____

## ORDER

Plaintiff, Harry Warren, Inc., filed this breach-of-contract action in this Court against Defendant, BioMicrobics, Inc. (*See* Compl., Doc. 1). BioMicrobics, relying on what it describes as a "mandatory forum selection clause" in the parties' contract, now moves under 28 U.S.C. § 1404(a) to transfer this action to a federal district court in Kansas. (Mot., Doc. 8; *see also* Mem., Doc. 9).[1] Harry Warren opposes the motion, arguing that the clause upon which BioMicrobics relies is permissive rather than mandatory. (Resp., Doc. 16).

Having considered the motion, Harry Warren's response, and the Reply

---

[1] BioMicrobics filed a separate memorandum (Doc. 9) in support of its motion (Doc. 8), which contravenes the Local Rules of this Court. *See* M.D. Fla. R. 3.01(b) (providing that "[a] motion must include—in a single document no longer than twenty-five pages—a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request"). Nevertheless, the motion and memorandum combined are within the twenty-five-page limit, and the Court will consider the memorandum as though it had been included in the motion.

(Doc. 20) filed by BioMicrobics, the Court concludes that the subject clause is permissive rather than mandatory. Thus, the motion to transfer will be denied.

## I.    Background

In 2024, BioMicrobics, a Kansas corporation that manufactures and supplies wastewater treatment equipment, entered into a Distribution Agreement with Harry Warren, a Florida corporation that distributes plumbing and plumbing-related products. A year later, the parties' relationship deteriorated under circumstances not relevant to resolution of the motion now before the Court.

Harry Warren filed this lawsuit in March 2026, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. The Complaint alleges breach of contract, breach of the implied covenant of good faith and fair dealing, violation of the Florida Deceptive and Unfair Trade Practices Act, tortious interference with contract, and tortious interference with prospective business relationships. (*See* Compl. at 8–26).

The Distribution Agreement between the parties includes the following provision:

23. This Agreement . . . shall be governed, interpreted and construed in accordance with the laws of the State of Kansas, without giving effect to conflict of law principles[,] and **the parties irrevocably submit to the jurisdiction of the Circuit Court of Johnson County, Kansas or the United States District Court of the State of Kansas for the purpose of any suit, action or proceeding arising**

2

**out of this Agreement**.

(Distribution Agreement, Doc. 1-1,[2] ¶ 23) (emphasis added).   Relying on this Paragraph 23, BioMicrobics seeks to transfer this action to the United States District Court in Kansas City, Kansas.   (Mot., Doc. 8).

## II.   Legal Standards

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."   28 U.S.C. § 1404(a).   "[A] forum-selection clause may be enforced by a motion to transfer under § 1404(a)."   *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 52 (2013).

"[F]orum-selection clauses must be interpreted like any other contractual provision: under the substantive law that governs the contract."   *Declan Flight, Inc. v. Textron eAviation, Inc.*, --- F.4th ---, No. 24-10913, 2026 WL 1466405, at *9 (11th Cir. May 26, 2026).   Here, as agreed by the parties in the Distribution Agreement, Kansas law governs.   (*See* Doc. 1-1 ¶ 23 ("This Agreement . . . shall be governed, interpreted and construed in accordance with the laws of the State of Kansas . . . .")).

---

[2] The Distribution Agreement appears in several places in the record.   It is attached to the Complaint, (*see* Doc. 1-1), and also to BioMicrobics's motion, (*see* Doc. 8-1), and memorandum, (*see* Doc. 9-1).

3

## III.  Discussion

"There are two types of forum selection clauses—mandatory and permissive." *Akesogenx Corp. v. Zavala*, 407 P.3d 246, 254 (Kan. Ct. App. 2017). The resolution of BioMicrobics's motion turns on which type of clause is at issue here.[3]  As the Court of Appeals of Kansas explained in *Akesogenx*, "[t]o determine if a forum selection clause is mandatory or permissive, courts must look to the plain language of the clause." *Id.*  "The key is whether there is language within the clause stating that a certain forum is the *exclusive* forum where the parties may bring suit.  If [so], then the clause is a mandatory forum selection clause; if not, then it is a permissive forum selection clause." *Id.* (emphasis in original) (citations omitted).

As earlier noted, the forum-selection clause at issue here provides that "the parties irrevocably submit to the jurisdiction of the Circuit Court of Johnson County, Kansas or the United States District Court of the State of Kansas for the purpose of any suit, action or proceeding arising out of this Agreement." (Doc. 1-1 ¶ 23).  Applying the principles explained in *Akesogenx*, there is no language in this clause stating that courts in Kansas are the

---

[3] As Harry Warren aptly notes in its Response, BioMicrobics's motion (Doc. 8) and memorandum (Doc. 9) "presuppose that Paragraph 23 of the Agreement is mandatory in nature without making any attempt to evaluate its plain language." (Doc. 16 at 5).  With leave of Court, BioMicrobics then filed its Reply (Doc. 20) addressing the language at issue.

4

exclusive fora for bringing suit; this clause does not prohibit litigation elsewhere. Thus, it appears to be a permissive clause under Kansas law.

This conclusion is confirmed by the decision in *Thompson v. Founders Group International, Inc.*, 886 P.2d 904 (Kan. Ct. App. 1994). There, the Court of Appeals of Kansas endorsed the interpretation by a federal district court in Utah of a "submit to jurisdiction" clause similar to the one at issue here. *Id.* at 910-11 (discussing *Utah Pizza Serv., Inc. v. Heigel*, 784 F. Supp. 835 (D. Utah 1992)). In *Utah Pizza Service*, the parties had agreed "that the courts of the State of Michigan shall have personal jurisdiction over [the franchise owner's] person, that [the franchise owner] shall submit to such personal jurisdiction, and that venue is proper in Michigan." *See id.* at 910. The *Utah Pizza Service* court found the clause permissive rather than mandatory, and the *Thompson* court, surveying cases addressing forum selection clauses, agreed. *Id.* at 910–11. The clause, explained the Court of Appeals of Kansas, "secure[d] the franchiser's right to sue the franchisees in the franchiser's forum of choice," *id.* at 911, but "nothing in the clause indicated an intent to prohibit litigation elsewhere," *id.* at 910.

Numerous other courts have found "submit to jurisdiction" clauses to be permissive rather than mandatory. *See, e.g., Rabinowitz v. Kelman*, 75 F.4th 73, 83 (2d Cir. 2023) (finding that a clause in which parties agreed to "'submit themselves to the personal jurisdiction' of certain courts . . . operates simply as

mutual consent to personal jurisdiction in those courts; it does not suggest that personal jurisdiction cannot exist elsewhere"); *Rivera v. Kress Stores of P.R., Inc.*, 30 F.4th 98, 104 (1st Cir. 2022) ("[A] forum-selection clause specifying that the parties agree to submit to the jurisdiction of a particular court does no more than signify the parties' 'mutual assent to a particular court's jurisdictional authority.'"   (further internal quotation marks omitted) (quoting *Bautista Cayman Asset Co. v. Fountainebleu Plaza, S.E.*, 999 F.3d 33, 35 (1st Cir. 2021))); *Autoridad de Energía Eléctrica de P.R. v. Ericsson Inc.*, 201 F.3d 15, 16, 18–19 (1st Cir. 2000) (applying Puerto Rico law) (noting that "a clause that simply consents to jurisdiction in one court does not by its terms exclude jurisdiction in another court" and finding permissive a clause stating that "the parties agree to submit to the jurisdiction of the courts of the Commonwealth of Puerto Rico"); *Gas Sensing Tech. Corp. v. Ashton*, 795 F. App'x 1010, 1016 (10th Cir. 2020) (applying Wyoming law) ("An agreement to submit to jurisdiction in a particular state's court or that venue is proper there is . . . a permissive, not a mandatory, forum selection clause."); *Keaty v. Freeport Indon., Inc.*, 503 F.2d 955, 956–57 (5th Cir. 1974) ("the parties submit to the jurisdiction of the courts of New York" found permissive).

The decisions cited by BioMicrobics—none of which is from a Kansas state

court, and many of which do not involve Kansas law[4]—do not lead to a contrary conclusion; they either involved different language, have been rejected by a Kansas court, or both. For example, in *Milk 'N' More, Inc. v. Beavert*, the Tenth Circuit found mandatory rather than permissive a clause providing "that venue shall be proper under this agreement in Johnson County, Kansas." 963 F.2d 1342, 1343 (10th Cir. 1992). But in *Thompson*, the Court of Appeals of Kansas expressly disagreed with that decision. *See* 886 P.2d at 270 ("[W]e do not find the *Milk 'N' More* rationale persuasive."). The clause found mandatory in *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 320-21 (10th Cir. 1997)—a case that originated in a federal district court in Colorado, not Kansas—provided for the application of Colorado law and stated that "Jurisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado." And in *National Inspection & Repairs, Inc. v. George S.*

---

[4] BioMicrobics correctly urges the application of Kansas law to interpretation of the Distribution Agreement's forum-selection clause. (*See* Doc. 9 at 5; Doc. 20 at 2). And BioMicrobics criticizes Harry Warren's citation of decisions from the Eleventh Circuit and Florida district courts. (*See* Doc. 20 at 2). But neither party cites any case from a Kansas state court, even though Kansas courts have the final say on what Kansas law is. *See Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 665 (10th Cir. 2007) (explaining that when state law governs, "the federal court's task is not to reach its own judgment regarding the substance of the common law, but simply to 'ascertain and apply the state law'" and "attempt to predict what the state's highest court would do," "seek[ing] guidance from decisions rendered by lower courts in the relevant state" (further internal quotation marks omitted) (quoting *Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 866 (10th Cir. 2003))); *accord Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018). And as noted in the text *infra*, at least one of the federal cases cited by BioMicrobics has been disapproved by a Kansas appellate court.

7

*May International Co.*, 202 F. Supp. 2d 1238, 1243 (D. Kan. 2002), the clause at issue provided "that jurisdiction shall vest in the State of Illinois."

The cases cited by BioMicrobics that involve "submit to jurisdiction" language also are distinguishable.  In *Red Barn Shop, LLC v. Plainfield Renewable Energy, LLC*, No. 2:18-cv-2613-CM-KGG, 2019 WL 1332314, at *2 (D. Kan. 2019), the parties agreed to the application of Connecticut law and "submit[ted] to the jurisdiction of the courts of" Connecticut.  But in the same clause, they "expressly waiv[ed] the jurisdiction of any other court," *id.*, something that the parties did not do in the Distribution Agreement involved here.  And in *Herr Industrial, Inc. v. CTI Systems, SA*, 112 F. Supp. 3d 1174, 1176–77 (D. Kan. 2015), the plaintiff conceded that the clause was mandatory where the parties' contract provided not only that the parties "agree to submit to the **exclusive** jurisdiction of the courts of the Grand-Duchy of Luxembourg" but also that "[a]ny and all claims or disputes . . . shall be settled by the competent court of the place of the registered office of" the defendant.  Finally, in *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953 (10th Cir. 1992)— another case on appeal to the Tenth Circuit from the District of Colorado, not Kansas—the court found the clause mandatory where the parties "irrevocably agree[d] to submit to the jurisdiction of the courts of England."  But the clause said more:  "Each party hereto irrevocably agrees that the courts of England shall have exclusive jurisdiction to settling any dispute and/or controversy." *Id.*

8

at 955 n.1. Unlike in these cases, no language of "exclusivity" appears in the clause at issue here.

BioMicrobics places much stock in the word "irrevocably" in the subject clause. But "irrevocably" is not a term of exclusivity or requirement; it merely means that the contract term cannot be changed—whatever the parties submitted to, they cannot rescind that submission. *See, e.g., PTW Energy Servs., Inc. v. Carriere*, No. 19-cv-01436-REB-NYW, 2019 WL 3996874, at *4 (D. Colo. Aug. 23, 2019) ("'Irrevocably' [in the phrase "irrevocably attorns"] . . . refers to ability of the parties to subsequently alter the attornment . . . , it has nothing to do with the scope of the attornment."). Even the definition of "irrevocably" provided by BioMicrobics itself—"unalterable," "committed beyond recall," (Doc. 20 at 3)—supports this view. And other courts have found "irrevocably" clauses permissive rather than mandatory, absent other language adding exclusivity. *See, e.g., Dawes v. Publish Am. LLLP*, No. 13-3269, 563 F. App'x 117, 118 (3d Cir. 2014) (finding clause providing that parties "irrevocably submit to the jurisdiction of any Maryland State or Federal court sitting in the City of Frederick" was permissive); *PTW Energy Servs.*, 2019 WL 3996874, at *4 (finding the clause "irrevocably attorns to the jurisdiction of the courts of the Province of Alberta" permissive); *Zokaites v. Land-Cellular Corp.*, 424 F. Supp. 2d 824, 834–35 (W.D. Pa. 2006) (concluding that the clause "the debtor irrevocably submits and consents to the jurisdiction of any court of the state of

Pennsylvania located in Allegheny" was merely permissive, stating that "where the agreement indicates the parties only agreed that a particular forum was appropriate and each party will 'irrevocably submit' to the jurisdiction of that forum, a permissive forum clause is created and redress may be obtained in another appropriate court"). This Court is confident that the Supreme Court of Kansas would reach the same conclusion if called upon to interpret the clause at issue here.

In sum, the Court concludes, applying Kansas law, that the forum selection clause in Paragraph 23 of the Distribution Agreement is permissive rather than mandatory. Thus, this case will not be transferred.[5]

## IV.    CONCLUSION

Accordingly, it is **ORDERED** that the motion to transfer venue is **DENIED** and the motion to abate is **DENIED as moot**.[6]

**DONE** and **ORDERED** in Orlando, Florida, on June 4, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

---

[5] BioMicrobics insists that it is relying "strictly" on the Distribution Agreement's forum-selection clause in seeking transfer and not on the convenience of the parties. (*See* Doc. 20 at 5). Thus, as requested by BioMicrobics, the Court will not consider any other basis for transferring the case. (*See id.*).

[6] BioMicrobics also requested in its motion that the Court abate this action until the motion to transfer was ruled upon. (*See* Doc. 8). But in its Reply, BioMicrobics recognized that "[t]his issue is now essentially moot" because it had drafted an answer. (Doc. 20 at 6–7). Indeed, BioMicrobics has now filed its answer. (*See* Doc. 21).